**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Jonathan S. Garelick*
*Assistant United States Attorney*

*402 East State Street, Room 430*
*Trenton, New Jersey 08608*

*609-858-0307*

JSG/PL AGR
2025R00839

VIA EMAIL mbaldassare@mabalaw.com

July 29, 2026

Michael Baldassare, Esq.
Baldassare & Mara, LLC
75 Livingston Avenue, Suite 101
Roseland, New Jersey 07068

RECEIVED

OCT 29 2026

AT 8:30____________M
CLERK, U.S. DISTRICT COURT - DNJ

Re: Plea Agreement with Paul Beers
(26-CR-463)

Dear Mr. Baldassare:

This letter sets forth the plea agreement between your client, Paul Beers ("BEERS"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on August 26, 2026, if it is not accepted in writing by that date. If BEERS does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from BEERS to a one-count Information, which charges BEERS with, between in or around January 2015 through in or around November 2025, one count of wire fraud, in violation of 18 U.S.C. § 1343. If BEERS enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against BEERS for engaging in a scheme to defraud investors by inducing them to invest with BEERS through false statements and misrepresentations between in or around January 2015 through in or around November 2025 as alleged in the Information. This is provided that: (1) BEERS admits under oath at the time of his guilty plea to all the investor deposits that he fraudulently induced during the period charged in the Information and (2) this conduct is considered as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. §§ 1B1.2(c) and 1B1.3.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain

in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against BEERS even if the applicable statute of limitations period for those charges expires after BEERS signs this agreement, and BEERS agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1343 to which BEERS agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon BEERS is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The prison sentence on the Information may run consecutively to any prison sentence BEERS is serving or is ordered to serve. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence BEERS ultimately will receive.

Further, in addition to imposing any other penalty on BEERS, the sentencing judge as part of the sentence:

(1) will order BEERS to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order BEERS to pay restitution pursuant to 18 U.S.C. § 3663A *et seq.*;

(3) may order BEERS, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) may order BERS to pay the costs of prosecution;

(5) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

(6) pursuant to 18 U.S.C. § 3583, may require BEERS to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed.

Violation of Supervised Release

Should BEERS be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, BEERS may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on BEERS by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BEERS' activities and relevant conduct with respect to this case.

Stipulations

This Office and BEERS will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the decision of the sentencing court to reject that particular Schedule A stipulation was proper. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion

in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Financial Disclosure Statement

BEERS understands that the Government may require BEERS to complete a Financial Disclosure Statement. BEERS agrees that if the Government requests one, BEERS is required to accurately complete it within 14 days of the Government's request. If the Government requests one but BEERS fails to timely provide a complete and accurate Financial Disclosure Statement, or if the Government determines that BEERS has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and the Government reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, BEERS agrees to pay full restitution to the victims of the offense of conviction charged in the Information, or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offense as detailed in the attached Schedule B. BEERS acknowledges and understands that pursuant to 18 U.S.C. § 3663A(a)(3), the Court shall order restitution to all individuals listed in the attached Schedule B and that BEERS' agreement to pay restitution is a basis for this plea agreement.

Forfeiture

As part of BEERS' acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), BEERS agrees to forfeit to the United States all right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds traceable to the wire fraud offense charged in the Information. BEERS further acknowledges that the aggregate value of such property was at least $9,716,129; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $9,716,129 (the "Money Judgment"). BEERS consents to the entry of an order requiring BEERS to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to BEERS prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

BEERS further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

BEERS waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. BEERS understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise BEERS of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. BEERS waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. BEERS further understands that BEERS has no right to demand that any forfeiture of BEERS' assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon BEERS in addition to forfeiture.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and BEERS waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

BEERS understands that, if he is not a citizen of the United States, BEERS' guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making BEERS deportable, excludable, or inadmissible, or ending BEERS' naturalization. BEERS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BEERS wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause BEERS' removal from the United States. BEERS understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, BEERS waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. BEERS also agrees not to

seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BEERS. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude BEERS from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between BEERS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

Jonathan S. Garelick
Assistant U.S. Attorney

APPROVED:

Tracey Agnew
Assistant U.S. Attorney
Attorney-In-Charge, Trenton Branch Office

I have received this letter from my attorney, Michael Baldassare, Esq. I have read it. My attorney and I have reviewed and discussed it and all its provisions, including those addressing the charge, sentencing, violation of supervised release, stipulations (including the attached Schedule A and Schedule B), financial disclosure statement, restitution, forfeiture, waiver, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Paul Beers

Date: 8/20/26

I have reviewed and discussed with my client this plea agreement and all its provisions, including those addressing the charge, sentencing, violation of supervised release, stipulations (including the attached Schedule A and Schedule B), financial disclosure statement, restitution, forfeiture, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Michael Baldassare, Esq.
Counsel for Defendant

Date: 8/20/26



8/19/26, 10:13 AM

**Plea Agreement With Paul Beers**

Schedule A

1. This Office and Paul Beers ("BEERS") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The Parties agree that, pursuant to U.S.S.G. § 1B.1.11(b), at the time of this agreement, the version of the Guidelines effective November 1, 2025 applies in this case.

**Offense Conduct**

3. The applicable guideline is U.S.S.G. § 2B1.1. The parties agree that the Base Offense Level is 7 because the offense charged in the Information carries a statutory maximum term of imprisonment of 20 years or more. *See* U.S.S.G. § 2B1.1(a)(1).

4. The parties agree that BEERS' offense and all relevant conduct involved a loss greater than $9.5 million but not greater than $15 million.

(a) Pursuant to U.S.S.G. § 2B1.1(b)(1)(K), in force under the version of the Guidelines effective November 1, 2025, there is a 20-level enhancement because the loss relevant to the offense was greater than $9.5 million but not greater than $25 million.

(b) On April 30, 2026, the United States Sentencing Commission proposed an amendment to U.S.S.G. § 2B1.1(b)(1) to adjust the dollar amounts delineating each loss threshold (the "Amendment"). Unless Congress rejects the Amendment, it will take effect on November 1, 2026.

(c) If sentencing in this matter proceeds after the Amendment takes effect, the parties agree that, because BEERS' offense and all relevant conduct involved a loss greater than $5 million but not greater than $15 million, under U.S.S.G. § 2B1.1(b)(1)(J) under the Amendment, an 18-level enhancement applies.

(d) But if sentencing in this matter proceeds before the Amendment takes effect, the parties agree that a 20-level enhancement will apply under the version of the Guidelines in force as of the sentencing date. In that event, however, the United States will not oppose BEERS' request for a 2-level variance from the combined offense level in order to provide BEERS the benefit of the Amendment now without having to delay sentencing in this

matter. In exchange, BEERS knowingly and voluntarily waives any right to seek a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) if the Commission later makes the Amendment retroactive.

5. The parties agree that BEERS' offense and all relevant conduct involved substantial financial hardship to five or more victims, which warrants a four-level increase under U.S.S.G. § 2B1.1(b)(2)(B). But the parties do not agree whether BEERS' offense and all relevant conduct involved substantial financial hardship to 25 or more victims, which would warrant a six-level increase under U.S.S.G. § 2B1.1(b)(2)(C). The Government contends that the enhancement for substantial financial hardship to 25 or more victims applies, and BEERS reserves the right to oppose application of the same.

6. The parties agree that BEERS' offense and all relevant conduct involved sophisticated means. The offense level is therefore increased by two levels under U.S.S.G. § 2B1.1(b)(10)(C).

7. The parties agree that BEERS' offense and all relevant conduct involved a vulnerable victim. The offense level is therefore increased by two levels under U.S.S.G. § 3A1.1(b)(1).

8. The parties agree that BEERS' offense and all relevant conduct involved the abuse of a position of trust or use of a special skill. The offense level is therefore increased by two levels under U.S.S.G. § 3B1.3.

9. Accordingly, the parties agree that:

(a) if sentencing in this matter proceeds before the Amendment takes effect, and notwithstanding a 2-level variance request as outlined in paragraph 4(d), above, depending on the sentencing court's resolution of the open Guidelines issue noted in paragraph 5, above, the adjusted Guidelines offense level is either 37 or 39; or

(b) if sentencing in this matter proceeds after the Amendment takes effect, depending upon the sentencing court's resolution of the open Guidelines issue noted in paragraph 5, above, the adjusted Guidelines offense level is either 35 or 37.

**Acceptance of Responsibility**

10. As of the date of this letter, BEERS has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if BEERS' acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

11. As of the date of this letter, BEERS has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in BEERS' offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) BEERS enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that BEERS' acceptance of responsibility has continued through the date of sentencing and BEERS therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) BEERS' offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

12. BEERS is not eligible for a two-level reduction as a zero-point offender because he personally caused substantial financial hardship to at least one victim and a vulnerable victim enhancement applies. *See* U.S.S.G. § 4C1.1(a)(6) and (a)(9).

13. Accordingly, the parties agree that the total Guidelines offense level applicable to BEERS is:

(a) if sentencing in this matter proceeds before the Amendment takes effect, and notwithstanding a 2-level variance request as outlined in paragraph 4(d), above, and depending on the sentencing court's resolution of the open Guidelines issue noted in paragraph 5, above, either 34 or 36; or

(b) if sentencing in this matter proceeds after the Amendment takes effect, depending upon the sentencing court's resolution of the open Guidelines issue noted in paragraph 5, above, either 32 or 34 (collectively, with paragraph 13(a), above, the "Total Offense Level").

**Stipulated Range**

14. Notwithstanding the Total Offense Level described in paragraph 13, above, pursuant to Federal Criminal Rule 11(c)(1)(B), the parties agree to recommend at sentencing that the Court impose either:

(a) any sentence between 72 months' imprisonment and 108 months' imprisonment, if the Total Offense Level is 33 or less; or

(b) any sentence between 72 months' imprisonment and 120 months' imprisonment, if the Total Offense Level is 34 or higher (collectively, with paragraph 14(a), above, the "Stipulated Range").

15. Each party agrees not to advocate for any term of imprisonment outside the Stipulated Range. The parties recognize, however, that the Stipulated Range will not bind the Court. Further, BEERS understands that he will have no right to withdraw his guilty plea if the Court does not follow the parties' recommendation.

**Appellate Waiver**

16. If the term of imprisonment does not exceed 120 months, and except as specified in the next paragraph below, BEERS will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 72 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

17. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Schedule B

This Office and BEERS agree to stipulate that the victims of BEERS' fraud sustained losses and are owed restitution pursuant to 18 U.S.C. § 3663A in the estimated amounts listed below. For any victims or loss amounts unknown as of the date of this agreement, the parties agree to stipulate to a loss amount by the date of sentencing.

| Victim Name | Victim Number | Estimated Loss Amount |
|---|---|---|
| [redacted] | Victim-1 | $21,771 |
| [redacted] | Victim-2 | $56,500 |
| [redacted] | Victim-3 | $31,500 |
| [redacted] | Victim-4 | $80,000 |
| [redacted] | Victim-5 | $35,000 |
| [redacted] | Victim-6 | $85,000 |
| [redacted] | Victim-7 | $80,000 |
| [redacted] | Victim-8 | $100,000 |
| [redacted] | Victim-9 | $52,500 |
| [redacted] | Victim-10 | $208,750 |
| [redacted] | Victim-11 | $72,245 |
| [redacted] | Victim-12 | $100,000 |
| [redacted] | Victim-13 | $113,000 |
| [redacted] | Victim-14 | $146,500 |
| [redacted] | Victim-15 | $80,000 |
| [redacted] | Victim-16 | $229,500 |
| [redacted] | Victim-17 | $65,087 |
| [redacted] | Victim-18 | $104,119 |
| [redacted] | Victim-19 | $60,000 |
| [redacted] | Victim-20 | $170,000 |
| [redacted] | Victim-21 | $177,000 |
| [redacted] | Victim-22 | $200,000 |
| [redacted] | Victim-23 | $157,088 |
| [redacted] | Victim-24 | $345,295 |
| [redacted] | Victim-25 | $833,607 |
| [redacted] | Victim-26 | $38,276 |
| [redacted] | Victim-27 | $24,450 |
| [redacted] | Victim-28 | $78,000 |
| [redacted] | Victim-29 | $42,307 |
| [redacted] | Victim-30 | $130,000 |
| [redacted] | Victim-31 | $35,701 |
| [redacted] | Victim-32 | $117,047 |
| [redacted] | Victim-33 | $143,502 |
| [redacted] | Victim-34 | $86,370 |

| | | |
|---|---|---|
| [redacted] | Victim-35 | $348,666 |
| | Victim-36 | $938,715 |
| | Victim-37 | $115,500 |
| | Victim-38 | $108,500 |
| | Victim-39 | $97,000 |
| | Victim-40 | $58,500 |
| | Victim-41 | $34,711 |
| | Victim-42 | $75,000 |
| | Victim-43 | $69,240 |
| | Victim-44 | $50,000 |
| | Victim-45 | $171,029 |
| | Victim-46 | $119,255 |
| | Victim-47 | $21,347 |
| | Victim-48 | $80,000 |
| | Victim-49 | $1,531,456 |
| | Victim-50 | $18,000 |
| | Victim-51 | $350,000 |
| | Victim-52 | $60,000 |
| | Victim-53 | $129,500 |
| | Victim-54 | $37,625 |
| | Victim-55 | $61,000 |
| | Victim-56 | $45,000 |
| | Victim-57 | $170,000 |
| | Victim-58 | $18,500 |
| | Victim-59 | $64,500 |
| | Victim-60 | $261,827 |
| | Victim-61 | $63,000 |
| | Victim-62 | $227,143 |
| | Victim-63 | $25,000 |
| | Victim-64 | $45,000 |
| | Victim-65 | $21,000 |
| **Estimated Total** | | **$9,716,129** |